MIDWAY REALTY CORPORATION, a Delaware corporation, and MID-
WAY ENTERPRISES, INCORPORATED, a Delaware corporation,
Plaintiffs,

*vs.*

E. C. LARSEN, THOMAS LARSEN, WILLIAM LARSEN and ROBERT LAR-
SEN, Trading as E. C. LARSEN & SONS,
Defendants.

*Sussex, May 12, 1959.*

*Jackson W. Raysor* of Tunnell & Raysor, Georgetown, for plain-
tiffs.

*Houston Wilson,* Georgetown, for defendants.

SEITZ, Chancellor: Plaintiff corporations are the lessor and les-
see, respectively, of real property in Rehoboth Beach. Since 1945,
when it was built, the property has been used to house the Center
motion picture theatre. The defendants are a partnership which, since
November 1957, has operated a bowling alley on a property immedi-
ately to the west of plaintiffs' property. The two properties are
separated by an alley having a width of approximately 4½ feet.

Plaintiffs contend that the vibrations caused by the use of defend-
ants' bowling alley are carried through the subsoil into plaintiffs'
building and are damaging and weakening and will continue to damage
and weaken the structural soundness of plaintiffs' theatre building.
Plaintiffs further contend that this condition continues despite plain-
tiffs' efforts to alleviate the condition of which they complain. Plain-

tiffs allege that the abnormal vibrations are set up in the subsoil because of faulty and improper construction of the bowling lanes and also because they were not built in accordance with the accepted standard of construction for bowling alleys.

Plaintiffs ask that a mandatory injunction issue requiring the defendants to take appropriate steps to prevent future trespasses to plaintiffs' property in the form of excessive vibrations.

In their complaint the plaintiffs also complained of excessive noise resulting from the defendants' operation of the bowling alley. But prior to trial it was stipulated that this was no longer an issue. It is also tacitly agreed that plaintiffs' complaint concerning vibrations is not related to any possible unpleasant effects upon theatre patrons.

The sole issue which was tried was whether the vibrations emanating from defendants' alleys caused or will cause structural damage to plaintiffs' theatre. Defendants flatly deny plaintiffs' claim. This is the decision after final hearing.

The plaintiffs of course had the burden of showing by the preponderance of evidence that the vibrations emanating from defendants' alleys had caused, were causing or could cause damage to plaintiffs' structures. The plaintiffs produced only two witnesses who could remotely be said to be expert witnesses in the field of vibration engineering. Indeed, I am satisfied that only one of plaintiffs' expert witnesses was familiar with any of the refinements of the problems in this highly specialized field, and he was more experienced in the sound aspect of the matter. This witness ran several tests in the theatre in an attempt to evaluate the intensity of the vibrations emanating from the bowling alley. Passing by other considerations, his testimony is not significant because he was not even able to say whether the intensity of the vibrations from the alley was any greater than the intensity of the vibrations created by the sound reproduction equipment in the theatre. Nor did plaintiffs show by any testimony that the other reasonably possible sources of vibrations could not have been of the intensity and frequency necessary to damage plaintiffs' structure.

The plaintiffs' testimony showed that the theatre has several cracks in the wall next to the bowling alley. It is conceded that one

large crack occurred at the time the structure was erected. The testimony of plaintiffs' officer was to the effect that this crack was in practical effect used as an expansion joint. Plaintiffs' testimony tended to show that other cracks have occurred since the bowling alley began operation. Plaintiffs contend that the vibrations caused these cracks. But, I am fully satisfied from the testimony of defendants' experts that such cracks might well have been caused by other factors for which defendants were clearly not responsible. I will go further and say that I believe the cracks were not the result of the vibrations emanating from defendants' alleys. For example, I believe they could have come from faulty construction, settling of the foundation, weather conditions, etc.

The evidence failed utterly to show that any excessive vibrations were set up by faulty construction or installation of the bowling alleys. It also met accepted construction standards.

After due consideration of all of the evidence I have come to the conclusion that plaintiffs have failed to prove by a preponderance of evidence that the vibrations, such as they are, which emanate from defendants' alleys have damaged or are likely to damage or weaken the structural soundness of plaintiffs' building. Indeed, I am satisfied that the real doubt which may exist concerning the structural soundness of plaintiff's building is largely if not entirely a result of a failure to observe proper construction standards in the erection of the theatre building.

I therefore conclude that the complaint should be dismissed.

Present order on notice.